```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 06-60318-CR-ZLOCH
```

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                    **O R D E R**

ANDRES CONTRERAS PORTO,

       Defendant.
_____/

    THIS MATTER is before the Court upon Defendant Andres Contreras Porto's Motion To Exclude Testimony Or, In The Alternative, To Compel Compliance With The Standing Discovery Order (DE 70). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    By the instant Motion Defendant seeks to exclude any Brady and Giglio material that the Government has not yet produced in response to the Standing Discovery Order. Alternatively, Defendant seeks to compel Brady and Giglio material that the Government has not yet produced.

    Under Brady, the prosecution must disclose exculpatory and impeachment evidence. Brady v. Maryland, 373 U.S. 83, 87 (1963); United States v. Bagley, 473 U.S. 667, 676 (1985). Furthermore, under Giglio, the Government is required to disclose to the defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses. United States v. Quinn, 123 F.3d 1415, 1421 (11th Cir. 1997) (citing Giglio v. United

States, 405 U.S. 150 (1972)).  As such, the Government is required to make such disclosures as accord with Brady and Giglio.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Andres Contreras Porto's Motion To Exclude Testimony Or, In The Alternative, To Compel Compliance With The Standing Discovery Order (DE 70) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

1. To the extent the instant Motion (DE 70) seeks the production of Brady and Giglio evidence, it be and the same is hereby **GRANTED**;

2. By noon on Monday, September 8, 2008, Plaintiff United States of America shall produce to the office of Defendant's Counsel Joaquin Mendez, Esquire, all Brady and Giglio evidence not previously produced; and

3. In all other respects, the instant Motion (DE 70) be and the same is hereby **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   5th   day of September, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

2